IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ERIC LEE ROSE,                  )
                                )    Civil No. 06-6078-JE
        Petitioner,             )
                                )
    v.                          )
                                )
GUY HALL,                       )
                                )    FINDINGS AND RECOMMENDATION
        Respondent.             )
```

    Craig E. Weinerman
    Assistant Federal Public Defender
    151 W. Seventh Avenue, Suite 510
    Eugene, Oregon 97401

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his conviction and sentences for two counts of Sexual Abuse in the First Degree. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#29) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On May 20, 1999, petitioner was indicted for sexually abusing his stepdaughter. Petitioner's Exhibit 3. On June 8, 1999, he was indicted on four more counts of Sexual Abuse in the First Degree based on incidents involving two of his step-daughter's friends. Petitioner's Exhibit 4. In the course of the investigation, law enforcement officials discovered that petitioner had created a sexually explicit video involving the minor children. This video was sent to federal authorities for investigation.

While the federal investigation was ongoing, petitioner was accused of molesting another minor in two additional counties, and the ensuing investigation led to the discovery of additional child pornography on petitioner's computer. On April 18, 2001, a federal indictment issued and petitioner was placed in federal custody. Petitioner's Exhibit 6.

After a global plea deal broke down, on September 21, 2001, the federal Government dismissed the indictment so that the Coos

2 - FINDINGS AND RECOMMENDATION

County prosecution could proceed as the primary prosecution. Petitioner's Exhibit 10. On December 21, 2001, petitioner pled guilty in Coos County to two counts of Sexual Abuse in the First Degree against his former stepdaughter and her friend. Respondent's Exhibit 103. As part of the plea agreement, the remaining Coos County charges were dropped, and Douglas and Umatilla counties agreed not to proceed with their prosecutions. *Id* at 5, 7. The U.S. Government did not enter into this agreement. *Id* at 8.

As a result of his convictions, the trial court sentenced petitioner to two consecutive sentences of 75 months each. Respondent's Exhibit 101. The Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 107-108.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 115. The Oregon Court of Appeals summarily affirmed the PCR trial court, and the Oregon Supreme Court denied review. Respondent's Exhibits 121-122.

Petitioner filed this federal habeas corpus action on April 10, 2006. In his Amended Petition for Writ of Habeas Corpus, petitioner raises the following grounds for relief:

1. The trial court denied petitioner his right to due process of law when it misapplied Oregon law and refused to grant him custody credits totaling 160 days for the time he served in state custody in

3 - FINDINGS AND RECOMMENDATION

          1999, and in federal custody in 2001, when Coos County blocked his release by filing Sexual Abuse I charges; and

2. Petitioner was denied his right to the effective assistance of counsel because trial counsel failed to seek expert advice on the issue of petitioner's diminished capacity and present it as mitigating evidence at sentencing which resulted in the imposition of consecutive sentences totaling 150 months rather than concurrent sentences on the counts of conviction.

Respondent asks the court to deny relief on the Amended Petition because: (1) Ground One was not fairly presented to the Oregon state courts and is therefore ineligible for federal habeas corpus review; and (2) the state court decisions denying relief on Ground Two are entitled to deference.

## DISCUSSION

### I. Exhaustion and Procedural Default.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed

4 - FINDINGS AND RECOMMENDATION

to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner raised his Ground One claim in his PCR Petition, but the PCR trial court found that "as far as credit for time served, those are beyond my control. Those are taken care of with the authorities. In a habeas corpus proceeding it might be considered, but it's not something that's before me." Respondent's Exhibit 115, p. 7. Petitioner did not attempt to raise this claim with either the Oregon Court of Appeals or the Oregon Supreme Court. Respondent's Exhibits 117, 120. Because petitioner failed

5 - FINDINGS AND RECOMMENDATION

to fairly present this claim to the Oregon state courts, it cannot be considered in this federal habeas proceeding.

**II. The Merits.**

In his remaining claim, petitioner argues that his trial attorney was constitutionally ineffective when he failed to seek expert advice on the issue of petitioner's diminished capacity and present it as mitigating evidence at sentencing.

**A.  Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that]

precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B. Analysis.**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no

7 - FINDINGS AND RECOMMENDATION

contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner in this case faults counsel for not procuring the services of a mental health expert on the issue of whether, due to a bipolar disorder, he suffered from a mental disease or defect at the time of the offense that served to mitigate punishment. The PCR trial court noted that petitioner had made "a number of allegations about inadequacy of counsel" and it found "absolutely no merit in those arguments." Respondent's Exhibit 115, p. 16.

A review of the record shows that the only evidence petitioner presented to the PCR trial court pertaining to a bipolar disorder consisted of a psychiatric report from the Lane County Jail which states that petitioner "[r]eports bipolar events, seems unlikely. Perhaps NOS or bipolar II." Respondent's Exhibit 111, p. 21. Also before the PCR trial court for consideration was counsel's affidavit in which counsel stated that he did, in fact, submit a psychiatric evaluation for mitigation purposes in his sentencing memorandum, but he did not obtain an evaluation for a defense of non-responsibility because petitioner "was not able to point to any lengthy history of psychotherapeutic intervention." *Id* at 6-7.

Petitioner asserts that the psychological evaluation which was submitted in mitigation at sentencing was insufficient because it

8 - FINDINGS AND RECOMMENDATION

consisted only of a physician's record from the Lane County Jail where petitioner had reported suffering from a bipolar condition. It was not, he argues, a comprehensive evaluation from a mental expert that actually analyzed whether he suffered from a bipolar condition at the time of the offense.

During his PCR trial, petitioner failed to support his claim of ineffective assistance of counsel with any expert testimony which would have identified specific, material evidence of a bipolar disorder which trial counsel failed to discover and offer to the criminal trial court. For this reason, petitioner could not have proven prejudice to the PCR trial court. *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel). Accordingly, the PCR trial court did not unreasonably apply *Strickland* to the facts of petitioner's case when it denied relief on this claim.

## **CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#29) should be DENIED, and judgment should be entered dismissing this case with prejudice.

9 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  23rd  day of April, 2008.

                                                    /s/ John Jelderks  
                                                    John Jelderks  
                                                    United States Magistrate Judge